**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN H. WADE,

    Defendant - Appellant.

No. 96-8101
(D.C. No. 96-CR-44-ALL)
(District of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BALDOCK** and **LUCERO**, Circuit Judges.

Mr. Wade appeals his conviction and sentence for theft of United States property in violation of 18 U.S.C. § 641. Wade's attorney has determined that Wade's appeal is wholly frivolous. He has therefore filed both a motion to withdraw as attorney of record and a corresponding <u>Anders</u> brief outlining Wade's apparent grounds for appeal. See <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). <u>Anders</u> instructs that such a brief must refer to "anything in the record

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that might arguably support the appeal." Id. Consistent with this requirement, counsel identified the following two arguments which Wade wished to raise on appeal: (1) the government lacked sufficient evidence to convict him of the offense charged; and (2) the sentencing court erred in its valuation of the stolen property.

A copy of counsel's brief was furnished to Wade, and he was given the opportunity to respond or to raise any additional points. He has not done so. Based on our own independent examination of the the proceedings, we conclude that each of Wade's claims is wholly without merit. Exercising our jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we grant counsel's motion to withdraw and affirm Wade's conviction and sentence.

Wade was indicted for the removal of vertebrate fish fossils from federal land. The only evidence adduced at trial as to the value of the property removed came from two government witnesses who valued the items at $363 and between $5,751.68 and $8,294.40 respectively. At the time Wade committed the crime in question, a felony conviction could be sustained under 18 U.S.C. § 641 for theft of government property valued at more than $100. In light of the testimony offered by the government's witnesses that the fossils were worth at least $363, and the complete absence of any evidence suggesting they were worth less than $100, "a reasonable jury could find the defendant guilty beyond a reasonable

doubt." United States v. Voss, 82 F.3d 1521, 1525 (10th Cir. 1996). Wade's claim for insufficiency of the evidence is therefore wholly without merit.

Wade also challenges the sentencing court's valuation of the property stolen at $6,100. We will not reverse that valuation absent a showing of clear error. United States v. Messner, 107 F.3d 1448, 1456 (10th Cir. 1997). In using a loss figure of $6,100, the district court followed the recommendations of the Probation Officer, as contained in the Presentence Report. That figure also comported with the valuations of one of the two government expert witnesses, who had been actively engaged in the fossil trade for more than twenty-five years. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985). Wade's sentence was therefore not imposed in error.

**AFFIRMED**. Counsel's request to withdraw is **GRANTED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge